SLIP OPINION

Cite as 2017 Ark. 187

# SUPREME COURT OF ARKANSAS

No. CR–17–256

| | |
|---|---|
| RODRIC D. COHNS | **Opinion Delivered** May 18, 2017 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-12-1324] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE CHARLES E. CLAWSON, JUDGE |
| | <u>DISSENTING OPINION ON DENIAL OF PETITION FOR REVIEW</u>. |

**JOSEPHINE LINKER HART, Justice**

I dissent from the denial of review in this case because rejecting appellant's petition for review effectively allows the court of appeals to avoid a difficult double-jeopardy issue by making its own factual finding—which is false—that appellant consented to the mistrial. The circuit court had denied appellant's motion to dismiss based on double jeopardy on entirely different grounds—there was "overruling necessity."

In appellant's aggravated-robbery trial, the principal issue was whether the police had the right man. Appellant was seized in the parking lot outside the convenience store that he allegedly robbed. He was immediately taken to the clerk, who could not visually identify appellant as the perpetrator but asserted that he recognized his voice. Grainy video footage showed that the robber had a paper towel in his hand. There were scraps of paper towel found in a jacket that was seized from appellant.

Appellant's trial counsel, Willard Proctor, an African American, stated on the record that his trial strategy was to attack the police investigation as shoddy. Before the jury was brought in on the second day of trial, Attorney Proctor examined the jacket. He discovered a small red straw in one of the pockets. He kept this discovery to himself and waited for the trial to resume.

After getting the arresting officer to confirm that the police had thoroughly checked the pockets of the coat and logged into evidence everything that they had found, Attorney Proctor asked the officer to check the pockets. The officer discovered the small red straw. The defense had its Perry Mason moment—shoddy police work was exposed. The State asked to speak to the circuit judge in chambers.

The State accused Attorney Proctor of planting the evidence. Attorney Proctor denied it, stating that he discovered the straw that morning when he was preparing to cross-examine the arresting officer. The circuit judge broached the subject of a mistrial. Attorney Proctor unequivocally objected to the mistrial. The State expressed concern about double jeopardy and asked for time to research the subject. Research consisted of calling the Attorney General's office. When the prosecutor returned, he claimed that the Attorney General's office recommended having a hearing to decide whether defense counsel had planted the evidence.

Although the prosecutor asserted that the State's "not doing anything to goad the Defense or this court into asking for a mistrial" and that "[t]he State is not requesting a mistrial," it nonetheless stated that it intended to call as witnesses everyone who had handled the jacket, including the arresting officer, the court reporter, an evidence tech, the court security officer who observed defense counsel examining the jacket, and Attorney Proctor himself. Additionally, the

prosecutor said he would have to review the courtroom video. He further asserted that "the State is going to have to make a determination and view in [sic] whether or not there's any criminal conduct that's occurred in this matter." The prosecutor boldly proclaimed, "I absolutely think [Attorney Proctor] planted that."

The circuit court blamed Attorney Proctor for not telling the court that he had discovered the straw. It stated that it had authority to grant a mistrial with the belief that double jeopardy would not bar retrial and that it was "up to the Supreme Court to tell me I'm wrong." (R. 847) The circuit court gave both sides an opportunity to be heard.

In remarks that the State and the court of appeals construe as agreeing to the mistrial, Attorney Proctor stated:

> Well, Your Honor, I'm now in a position based upon the lie, flat out lie, that Mr. Braswell just said about me, that I'm about to be you know, that's a fact. That's a lie. I did not place that there. But I'm in a position—they're threatening me with the prosecutor here to —with criminal charges, which is insane. So there's no way in the world that I can even go forward. How could I go forward in a trial where you've got the prosecuting attorney saying that he may potentially file charges against me.

Attorney Proctor asked to make a record on his opposition to the circuit court's ruling that he had an opportunity to inform the court before using the newly discovered straw on cross-examination.

There is no consent to a mistrial here. Attorney Proctor was only opposing the prosecutor's stated intention to conduct a minitrial on the allegations that he had planted evidence. In his petition for review, appellant argues this very point: Attorney Proctor objected to the mistrial and never withdrew his objection.

It is indefensible that the court of appeals changed the facts to avoid a difficult issue. I have no words for the majority that let it get away with it. Accordingly, I dissent from the majority's



decision not to take this case on review.